## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAYTONA BAE,

        Plaintiff,

v.

TEXAS, STATE OF, et al.,

        Defendants.

Case No. 24-1064-DDC-GEB

### MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Gwynne E. Birzer's Report and Recommendation (Doc. 49). Magistrate Judge Birzer recommends that the court impose filing restrictions on Ms. Sharon Cloud. Ms. Cloud is a non-party and non-attorney in this case but has filed in it insistently nonetheless—she persistently asserts that she's serving as plaintiff Daytona Bae's "Legal Representative." *See, e.g.*, Doc. 42 at 1 (describing Ms. Cloud as "Legal Representative on behalf of Daytona Bae" and identifying motion as "[r]espectfully submitted" by Sharon Cloud). As Magistrate Judge Birzer recounts, the court has issued "previous orders warning" Ms. Cloud "of the consequences of filing as a false 'Legal Representative[.]'" Doc. 49 at 4; *see also* Doc. 28 at 2–3 (explaining our Circuit prohibits non-attorney from representing another individual and directing plaintiff to provide evidence Ms. Cloud is attorney admitted to practice law in Kansas); Doc. 45 (striking Ms. Cloud's filing and ordering her to stop filing "as a non-party and non-attorney"). Magistrate Judge Birzer also notes that Ms. Cloud has a "history of repetitively filing" in closed cases—despite frequent warnings to stop doing so. Doc. 49 at 4; *see also* Doc. 29 (explaining case closed and directing filing to cease); Doc. 34 (threatening filing restrictions for repeated filing in closed case); Doc. 40 (same). None of these warnings has

"quelled Ms. Cloud's filings." Doc. 49 at 4. So, Magistrate Judge Birzer now recommends

filing restrictions based on Ms. Cloud's "history of repetitive litigation, disrespect of prior

orders, and abuse of the Court process[.]" *Id.*

Magistrate Judge Birzer advised plaintiff of his right to file an objection to the Report and

Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). *Id.* at 1. She also

explained that plaintiff must file any objections within 14 days to secure appellate review. *Id.*

More than five months have passed, and plaintiff has filed no objection. Nor has plaintiff sought

an extension of time to file an objection. So, the court now takes up Magistrate Judge Birzer's

Report and Recommendation (Doc. 49) as unopposed. *See Summers v. Utah*, 927 F.2d 1165,

1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a

magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of

Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a

district court must make a de novo determination only for those portions of the report and

recommendation to which a party specifically has objected).

Magistrate Judge Birzer recommends the court impose filing restrictions on Ms. Cloud.

Doc. 49 at 4. The court finds Magistrate Judge Birzer's analysis and conclusions are sound. But

her recommendation now appears moot. After Magistrate Judge Birzer issued her Report and

Recommendation—but before the required 14-day objection period had passed—United States

District Judge John W. Broomes imposed filing restrictions on Ms. Cloud that encompass the

entire District of Kansas. *See Cloud v. Kansas*, No. 23-1200-JWB, 2025 WL 1262500, at *2 (D.

Kan. May 1, 2025) (restricting Ms. Cloud from "filing any documents or motions in this action

or any other action in this district" without leave of the court).

Courts can expand already-imposed filing restrictions when necessary.  *See Crownhart v. T-Mobile Wireless Customer Serv.*, 840 F. App'x 368, 371 (10th Cir. 2021) (agreeing where filing restrictions in place that "repeated failures to comply with court orders . . . support implementing additional restrictions"); *Villecco v. Spesshardt*, No. 23-cv-02029-DDD-STV, 2024 WL 6820823, at *3–4 (D. Colo. Jan. 30, 2024) (expanding already extant filing restrictions where limited restrictions didn't encompass matter before the court and plaintiff "continued . . . with the same abusive litigation behavior exhibited across all of his cases").  But the court sees no reason to impose more restrictions here.  Ms. Cloud hasn't filed in this action since Magistrate Judge Birzer issued her Report and Recommendation.  And the filing restrictions imposed by Judge Broomes explicitly reference this action and suffice to encompass any future filing in it.  *See Cloud*, 2025 WL 1262500, at *2 (citing this action when justifying filing restrictions that reach the action before Judge Broomes "or any other action in this district").

The court thus declines to adopt Magistrate Judge Birzer's Report and Recommendation.  The recommended restrictions are already in force and so the recommendation is moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Report and Recommendation issued by United States Magistrate Judge Gwynne E. Birzer on April 18, 2025, (Doc. 49) is moot and the court declines to accept it.

**IT IS SO ORDERED.**

**Dated this 29th day of September, 2025, at Kansas City, Kansas**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**